IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 4:17

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
                              X
JAMES DIRKANS,                X
                              X
          Plaintiff,          X
                              X
vs.                           X      No. 05-2096-Ml/V
                              X
BILLY TURNER, et al.,         X
                              X
          Defendants.         X
                              X
```

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff James Dirkans, Tennessee Department of Correction ("TDOC") prisoner number 320684, who was, at the time he commenced this action, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on January 14, 2005, along with an application seeking leave to proceed in forma pauperis. The Court issued an order on February 24, 2005, denying leave to proceed in forma pauperis and directing the Plaintiff to remit the then-applicable $150 civil filing fee within thirty days. Plaintiff paid the filing fee on March 17, 2005. The Court issued an order on April 25, 2005, directing the Plaintiff to submit another copy of his Complaint bearing his original signature. Plaintiff complied

with that order on May 3, 2005, and the Clerk docketed the signed version of the Complaint on May 13, 2005. The Clerk shall record the Defendants as Case Manager Billy Turner, WTSP Warden David Mills, and TDOC Commissioner Quenton White.

I.   Analysis of Plaintiff's Claims

The Complaint alleges that Defendant Turner failed to protect the Plaintiff from assault by a gang of inmates. Defendants White and Mills are sued for failing to adequately train and monitor the competence of prison staff and for failing to provide a sufficient level of staffing to ensure the safety of inmates.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v.

2

Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 995-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, No. 03-2331, 2005 WL 1120283, at *3-

*6 (6th Cir. Apr. 27, 2005) (to be published in the Federal Reporter).

In this case, the Plaintiff submitted a copy of a grievance that he filed on or about August 26, 2004, (Grievance No. 29215) against Defendant Turner concerning the events that are the subject to this lawsuit. After a hearing, the grievance committee recommended that Turner's supervisor review with him the appropriate procedures for responding to situations in which there is a threat to an inmate's physical safety. The warden agreed with the proposed response on September 14, 2004, and Plaintiff did not appeal to the TDOC. Even if it is assumed that the Plaintiff has exhausted his claim against Defendant Turner, he has not filed a grievance naming Defendants Mills and White, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte."

4

<u>Baxter</u>, 305 F.3d at 489.[1] Pursuant to the recent decision in <u>Jones Bey</u>, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. The facts of <u>Jones Bey</u>, and the separate opinion by Judge Clay, suggest that this principle applies even when the claims against some defendants have been completely exhausted. 2005 WL 1120283, at *10. Accordingly, the Court DISMISSES the Complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

II.  <u>Appeal Issues</u>

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case

---

[1]     As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Id.</u>

also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal _in forma pauperis_.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[2] In _McGore v. Wrigglesworth_, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in _McGore_ and § 1915(b).

IT IS SO ORDERED this 30 day of June, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[2]    Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

28 U.S.C. § 1917.

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02096 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

James Dirkans
SOUTH CENTRAL CORRECTIONAL CENTER
#320684
P.O. Box 279
Clifton, TN 38425--027

Honorable Jon McCalla
US DISTRICT COURT